IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


TRACY LAMONT CLARK,                    )
                                       )
            Petitioner,                )
                                       )
    v.                                 )          1:11CV542
                                       )
ALVIN W. KELLER, JR.,                  )
Secretary, North Carolina             )
Department of Correction,             )
et al.,                                )
                                       )
            Respondents.               )


<u>**MEMORANDUM OPINION AND ORDER**</u>

**OSTEEN, JR., District Judge**

    Presently before the court is Respondents' Motion for
Summary Judgment (Doc. 6).  Respondents have filed a memorandum
(Doc. 7) in support of their motion, and Petitioner has filed a
response (Docs. 10, 14).[1]  Respondents did not file a reply.
Respondents' motion is now ripe for adjudication, and for the
reasons that follow, this court will grant the motion.

**I.    PROCEDURAL HISTORY**

    Petitioner was convicted by a jury on August 25, 2009, in
the Rockingham County Superior Court of (1) breaking or entering
a motor vehicle, (2) attempted misdemeanor larceny, and (3)

───────────────────

    [1] Doc. 14 is a typed version of Petitioner's handwritten
response.

injury to personal property.  Petitioner pleaded guilty to attaining habitual felon status.  Judge Edwin G. Wilson, Jr., sentenced him to 144 to 182 months in prison, which was within the presumptive range for a Class C felony and prior record level of 6.  Petitioner appealed and the North Carolina Court of Appeals affirmed in a published opinion, State v. Clark, 208 N.C. App. 388, 702 S.E.2d 324 (2010).  Petitioner filed a petition for discretionary review, which the North Carolina Supreme Court denied, State v. Clark, No. 13P11, 706 S.E.2d 244 (N.C. Mar. 10, 2011).  Petitioner then filed a motion for appropriate relief ("MAR") which was denied by Judge Wilson, and Petitioner's subsequent certiorari petition was denied by the Court of Appeals.  Petitioner then filed his pro se § 2254 petition in this court on July 8, 2011.  The record before this court reflects that the petition was timely filed under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

## II.  FACTUAL HISTORY

The North Carolina Court of Appeals summarized the evidence presented at Petitioner's trial as follows:

> In the early morning hours of 31 July 2008, Callie Mae Thomas ("Ms. Thomas") heard several loud noises emanating from outside the front window of her apartment.  When Ms. Thomas looked out her window, she saw two men inside a blue and white 1978 Chevrolet pickup truck ("the pickup truck"), which Ms. Thomas

- 2 -

knew belonged to her neighbor, Debro McAdoo
("McAdoo"). After unsuccessfully attempting to
contact McAdoo, Ms. Thomas called 911 to report the
men.

Officer B. Patterson ("Officer Patterson") and
Sergeant Doyle O'Bryant ("Sgt. O'Bryant")
(collectively "the officers") of the Reidsville Police
Department responded to Ms. Thomas' 911 call. Upon
their arrival, the officers witnessed the two men exit
the pickup truck. Defendant came out of the driver's
side of the pickup truck and was subsequently arrested
by the officers.

The officers then awoke McAdoo and had him
examine the pickup truck. McAdoo noted that the
steering column had been damaged and that some tools
he had placed behind the seat on the driver's side had
been strewn about the pickup truck. McAdoo spent
approximately six or seven hundred dollars to restore
the pickup truck to working condition.

Clark, 208 N.C. App. at 389, 702 S.E.2d at 325.

### III. LEGAL STANDARD

Summary judgment is appropriate where an examination of the

pleadings, affidavits, and other proper discovery materials

before the court demonstrates that no genuine issue of material

fact exists and that the moving party is entitled to judgment as

a matter of law. See Fed. R. Civ. P. 56. The moving party

bears the burden of initially demonstrating the absence of a

genuine issue of material fact. Celotex Corp. v. Catrett, 477

U.S. 317, 323 (1986). If the moving party has met that burden,

then the nonmoving party must persuade the court that a genuine

- 3 -

issue remains for trial by "go[ing] beyond the pleadings" and introducing evidence that establishes "specific facts showing that there is a genuine issue for trial." Id. at 324 (internal quotation marks omitted).

In considering a motion for summary judgment, the court is not to weigh the evidence, but rather must determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The court must view the facts in the light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. Id. at 255. A mere factual dispute is insufficient to prevent summary judgment; the fact in question must be material, and the dispute must be genuine. Fed. R. Civ. P. 56; Anderson, 477 U.S. at 247-48. Material facts are those facts necessary to establish the elements of a party's cause of action. Anderson, 477 U.S. at 248. A dispute is only "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

## IV. ANALYSIS

Petitioner alleges the following grounds for relief: (1) that the trial court lacked subject matter jurisdiction because counts one and two of his indictment were fatally duplicitous;

- 4 -

(2) that the trial court lacked subject matter jurisdiction due to an improper amendment to the terms of the charges against Petitioner; (3) that the trial court lacked subject matter jurisdiction because count one of his indictment failed to charge the elements of a statutory offense specified therein; (4) that the trial court erred by denying Petitioner's motion to dismiss, as there was insufficient evidence to prove he had the intent to commit a felony; (5) that the trial court erred in denying his motion to dismiss following the State's case-in-chief; (6) that the trial court lacked jurisdiction over his habitual felon indictment; and (7) that his habitual felon indictment, conviction, and sentence were invalid, thus depriving the trial court of jurisdiction and violating his right to due process under both the state and federal constitutions.  (Petition (Doc. 2) at 5-13.)[2]  This court will address each ground for relief in turn.

**Claim (1)**

In his first claim, Petitioner alleges that the state trial court lacked subject matter jurisdiction because counts one and two of his indictment were "fatally duplicitous."  (Id. at 5.)

_____

[2] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

- 5 -

Although Petitioner's argument is difficult to follow, he appears to believe that there is something "fatally" defective about the fact that count one charged him with breaking and entering a motor vehicle with the intent to commit felonious larceny of that motor vehicle in violation of N.C. Gen. Stat. § 14-56 and that count two charged him with attempted felonious larceny of the same motor vehicle in violation of N.C. Gen. Stat. § 14-72(a). Petitioner seems to believe he was charged twice with larceny of the motor vehicle, which, despite his protestations to the contrary in his response, is more similar to a double jeopardy argument than to a duplicity argument.

Respondents' first argue that this claim is not cognizable on federal habeas review because it is based upon an assertion that the state trial court lacked subject matter jurisdiction due to defects in the indictment, a matter which turns on interpretation of state statutes and case law. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (recognizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" and that "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"); Wright v. Angelone, 151 F.3d 151, 157-58 (4th Cir.

- 6 -

1998) (declining to reach petitioner's claim that state trial court lacked jurisdiction over defective indictments because not cognizable on federal habeas review); Hurst v. Branker, No. 1:10CV725, 2012 WL 3887105, at *29-30 (M.D.N.C. Sept. 7, 2012) (unpublished) (finding claim that state trial court lacked jurisdiction due to violation of state procedural rule not cognizable on federal habeas review), adopted sub nom. Hurst v. Lassiter, 2013 WL 1338862 (M.D.N.C. Mar. 31, 2013) (unpublished). This court agrees with Respondents that defective indictments do not deprive the state trial court of jurisdiction. See United States v. Cotton, 535 U.S. 625 (2002). However, given that there are, at least arguably, Fifth Amendment double jeopardy implications lurking in Petitioner's duplicity claim, this court will consider Claim (1) on the merits.

Petitioner raised the substance of this claim in his MAR, and the state trial court determined that the MAR set "forth no probable grounds for the relief requested, either in law or in fact." (Resp'ts Br. Supp. Mot. for Summ. J. ("Resp'ts Br.") (Doc. 7-10), Ex. 9.) The North Carolina Court of Appeals then denied certiorari. (Id. (Doc. 7-13), Ex. 12.) Thus, the claim is subject to the deferential standard of review set forth in 28

- 7 -

U.S.C. § 2254(d) and (e).  In order to grant the writ under this standard, the state trial court's adjudication of Petitioner's claim must be contrary to, or involve an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court, or involve an unreasonable determination of the facts in light of the evidence presented at trial.  A federal court should grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents."  Harrington v. Richter, 562 U.S. ____, ____, 131 S. Ct. 770, 786 (2011).  Habeas corpus is a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in the judgment)).

Claim (1) fails under this deferential standard of review. The North Carolina General Assembly has clearly made breaking or entering a motor vehicle under N.C. Gen. Stat. § 14-56 and larceny under N.C. Gen. Stat. § 14-72 separate and distinct crimes, even where larceny is the predicate offense for the breaking and entering.  See, e.g., State v. Gardner, 315 N.C. 444 (1986) (breaking and entering and larceny are separate

- 8 -

offenses and may be tried and punished simultaneously in the same trial arising out of the same acts).  Where that is true, the U.S. Supreme Court has made it clear that no constitutional violation arises.  See Missouri v. Hunter, 459 U.S. 359, 368-69 (1983) ("Where . . . a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under Blockburger, [284 U.S. 299 (1932)], a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.").

### Claims (2) and (3)

Claims (2) and (3) are interrelated and will be addressed together.  For ease of explanation, this court will describe Claim (3) first.  In Claim (3), Petitioner claims that the trial court lacked subject matter jurisdiction because count one of the indictment omitted an essential element of the offense charged.  Count one reads as follows:

> The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did break or enter a 1978 Chevrolet pickup truck, a motor vehicle owned by Debro Elenger McAdoo, which contained things of value, with the intent to commit [a] felony therein to wit: larceny of the 1978 Chevrolet pickup truck.

- 9 -

(Resp't Br. (Doc. 7-2) at 8 (emphasis added).)  N.C. Gen. Stat. § 14-56 requires, as an element of the offense, the "intent to commit any felony or larceny."  Essentially, Petitioner contends that count one is constitutionally infirm because it fails to include the statutory language relating to the "intent to commit any . . . larceny."  That omission allegedly removed the State's burden to prove the intent to commit a larceny.

For larceny to be a felony under North Carolina law, the goods in question must be more than $1,000.  N.C. Gen. Stat. § 14-72(a).  In Claim (2), Petitioner claims that the trial court lacked jurisdiction because the State improperly "amended" the indictment during trial once the State realized that the evidence failed to show that the truck in question was worth more than $1,000, and thus, that the larceny in question was actually a misdemeanor rather than a felony.  He claims the State improperly "amended" the indictment by convincing the trial judge to instruct the jury that it could convict Petitioner of breaking or entering the motor vehicle if it found Petitioner had the intent to commit <u>any</u> <u>larceny</u> therein, dropping any reference to the predicate <u>felony</u> in the indictment.  In his brief, Petitioner cites <u>United States v. Randall</u>, 171 F.3d 195, 210 (4th Cir. 1999), for the proposition

- 10 -

that such a "constructive amendment" is impermissible and "per se reversible error that must be corrected on appeal." (Pet'r's Resp. in Opp'n and Br. (Doc. 10) at 9.) Petitioner further alleges that the improper amendment violated the Fifth Amendment's Grand Jury Clause and deprived him of "fair notice of the nature and cause of the accusation" against him in violation of the Sixth Amendment. (Id.)

Respondents argue in their brief that Claims (2) and (3) are not cognizable on federal habeas review because they involve allegedly defective indictments which, in turn, involve interpretations of state statutes and case law. This court disagrees and finds that Petitioner has sufficiently raised federal constitutional issues in his arguments in support of Claims (2) and (3).

Petitioner does miss the mark in his reliance upon the Fifth Amendment's Grand Jury Clause and Randall. The Grand Jury Clause provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury," U.S. Const. amend. V, and is thus a guarantee that a criminal defendant will only be tried on charges that appear in a grand jury indictment. However, nearly 130 years ago, the U.S. Supreme Court held that the Fifth

Amendment's Grand Jury Clause was not applicable to the states through the Fourteenth Amendment. Hurtado v. California, 110 U.S. 516, 534-35 (1884). While Hurtado's reasoning has been questioned in light of other, more recent Supreme Court cases extending other rights enumerated in the Bill of Rights to the states via the Fourteenth Amendment, the Supreme Court continues to cite Hurtado for the proposition that the Grand Jury Clause does not apply to the states. See Albright v. Oliver, 510 U.S. 266, 272 (1994); Branzburg v. Hayes, 408 U.S. 665, 688 n.25 (1972); see also Barbe v. McBride, 477 F. App'x 49, 51 (4th Cir. 2012) (per curiam) (recognizing that Fifth Amendment's Grand Jury Clause "has yet to be incorporated against the states" and citing Hurtado); Martin v. Beck, No. Civ.A. 1:02CV00189, 2002 WL 32397088, at *3 & n.5 (M.D.N.C. Aug. 30, 2002) (unpublished) (noting Supreme Court's failure to extend Grand Jury Clause to states).

Nevertheless, Petitioner's Claims (2) and (3) do invoke the Fifth Amendment's Due Process Clause, which this court will consider as a Fourteenth Amendment due process argument, and the Sixth Amendment's right to notice of the nature and cause of the accusation, which applies to the states and is cognizable on federal habeas review. See, e.g., Hartman v. Lee, 283 F.3d 190,

196 (4th Cir. 2002) (analyzing petitioner's § 2254 defective
indictment claims under Sixth and Fourteenth Amendments);
Tillman v. Cook, 215 F.3d 1116, 1123, 1132 (6th Cir. 2000)
(analyzing petitioner's § 2254 claims based on Sixth Amendment's
notice provision and Fourteenth Amendment's Due Process Clause).
Thus, Claims (2) and (3) are cognizable on federal habeas
review.

Interestingly, Respondents take the position that
Petitioner raised the substance of Claims (2) and (3) in the
Court of Appeals on direct appeal, and thus, have not argued
that the claims were procedurally defaulted.  This court is not
persuaded that the substance of Claims (2) and (3) were raised
on direct appeal.  The Court of Appeals addressed whether the
intent to commit larceny of the truck itself, as opposed to
items of value inside the truck, satisfied N.C. Gen. Stat.
§ 14-56.  That court was not asked to consider whether the State
had constructively amended the indictment in violation of the
federal constitution or whether the indictment omitted an
essential element.[3]  Although Petitioner did raise the substance
of Claims (2) and (3) in his MAR, his failure to raise the

---

[3] On appeal, Petitioner did not dispute that the remaining
elements of the offense had been appropriately charged in the
indictment.  Clark, 208 N.C. App. at 395, 702 S.E.2d at 329.

claims on direct appeal does raise the issue of procedural default.

However, the MAR court denied all of Petitioner's claims on the merits, not on the grounds of procedural bar, and the Court of Appeals' summary order denying Petitioner's certiorari petition seeking review of the MAR's denial did not invoke procedural bar.  Thus, this Court can still entertain Claims (2) and (3), notwithstanding any procedural default.  See Harris v. Reed, 489 U.S. 255, 262 (1989) (holding that "a federal claimant's procedural default precludes federal habeas review . . . only if the last state court rendering a judgment in the case rests its judgment on the procedural default"); Cnty. Ct. of Ulster Cnty. v. Allen, 442 U.S. 140, 154 (1979) (holding that if state courts do not "indicate that a federal constitutional claim is barred by some state procedural rule, a federal court implies no disrespect for the State by entertaining the claim"); Yeatts v. Angelone, 166 F.3d 255, 260-61 (4th Cir. 1999) (noting that the rule of procedural default in habeas cases is grounded in concerns of comity and federalism and is not jurisdictional).

Turning to the merits, as mentioned above, Petitioner raised both of these claims in his MAR, and the state court

summarily denied them.  Thus, Claims (2) and (3) must be
analyzed under the deferential standard of review set forth in
28 U.S.C. § 2254(d) and (e).  Moreover, "[v]ariances . . . in
state court indictments are not ordinarily a basis of federal
habeas corpus relief unless the deficiency makes the trial so
egregiously unfair as to amount to a deprivation of the
defendant's right to due process."  Ashford v. Edwards, 780 F.2d
405, 407 (4th Cir. 1985); see also Barbe, 477 F. App'x at 51
(noting importance of clarifying "limited nature" of due process
claim alleging improper amendment of state court indictment).

    Given the level of deference to the state courts and the
strict standard for defective indictments under the Sixth and
Fourteenth Amendments, this court finds that the variance
between count one of the indictment, which relied on the intent
to commit felonious larceny of the truck, and the trial judge's
instruction to the jury as to this element, the intent "to
commit larceny therein," did not give rise to a federal
constitutional violation.  If the jury found the truck was worth
more than $1,000, they would find that Petitioner broke and/or
entered the truck with the intent to commit felonious larceny of
the truck, which is what was charged in the indictment.  If the
jury found - as they apparently did based on their verdict as to

- 15 -

count two - that the truck was worth $1,000 or less, they would find Petitioner broke and/or entered the truck with the intent to commit misdemeanor larceny of the truck. Misdemeanor larceny is a lesser included offense of felonious larceny. State v. Camp, No. COA11-1122, 2012 WL 1514697, at *3 (N.C. App. May 1, 2012) (unpublished). Thus, the disparity between the charged offense and offense of conviction is one of degree rather than one of substance; the variance did not change when the offense was committed, where the offense was committed, who committed the crime, or the essential elements of N.C. Gen. Stat. § 14-56, which permits conviction upon a finding of intent either to commit a felony or a larceny. See Barbe, 477 F. App'x at 52 (Finding no Fourteenth Amendment due process violation where trial court amended indictment to allege sexual intrusion instead of sexual intercourse where statute in question allowed conviction for either intrusion or intercourse: "Written in the disjunctive, this statute indicates that 'sexual intercourse' and 'sexual intrusion' are not two separate offenses, but two alternative methods of proving the same offense of second degree sexual assault.").

This court will also address the possibility that the jury convicted Petitioner based upon a belief he had the intent to

- 16 -

commit larceny of the <u>tools</u> inside the victim's truck based on the trial judge's instruction that the jury could find Petitioner guilty of the offense charged in count one if they found he had the intent to commit "larceny," i.e., <u>any</u> larceny, not just larceny of the truck. The prosecutor alluded to this theory while arguing, outside of the jury's presence, during the charge conference after the close of evidence. (Resp'ts Br. (Doc. 7-15), Ex. 14 at 97-98.) It is unknown if the prosecutor argued this theory to the jury in closing, as the closing arguments were not transcribed. Although a closer question, the possibility that the jury might find Petitioner had the intent to commit larceny of the tools does not change the essential elements of the offense for which he was originally indicted because breaking or entering a motor vehicle in violation of N.C. Gen. Stat. § 14-56 may be found when a defendant has the intent to commit <u>either</u> a felony <u>or</u> a larceny. Thus, whether the jury ultimately found intent to commit felony larceny of the truck, misdemeanor larceny of the truck, or misdemeanor larceny of tools inside the truck, Petitioner was on notice that he could be convicted under any of these theories. The State's evidence was sufficient to convict under either misdemeanor theory.

Moreover, in light of the overwhelming evidence against Petitioner, Petitioner's attorney focused his entire defense on establishing that the truck in question was worth less than $1,000, and conceded during the charge conference that, based on the evidence, the jury could find Petitioner guilty of misdemeanor larceny. (Resp'ts Br. (Doc. 7-15), Ex. 14 at 89-91.) The attorney also conceded that the evidence showed that his client was in the truck and had no right to be there. (Id. at 91.) Section 14-56 includes a presumption that a person entered a motor vehicle in violation of that statute if he is found unlawfully in such vehicle. Thus, it is clear Petitioner's attorney did not plan to contest that his client broke and entered the truck with the intent to commit misdemeanor larceny therein – his sole focus was on the value of the truck. This court finds it difficult to believe that Petitioner would have substantially altered his strategy had he been presented with an ideal indictment, nor has Petitioner offered any credible explanation of an alternate strategy. A defendant's intent to steal a vehicle would necessarily include an intent to steal the items in the vehicle, such that intent to steal the items in the truck in this case is not, standing alone, suggestive of any unfairness, much less a deprivation of

- 18 -

due process.  Under these circumstances, the variance between the indictment and the proof did not make his trial so egregiously unfair as to amount to a deprivation of due process. See Wilson v. Lindler, 995 F.2d 1256, 1264 (4th Cir.), dissent adopted on reh'g en banc, 8 F.3d 173 (1993) (finding that Sixth Amendment's nature and cause clause coupled with Fourteenth Amendment's due process clause provide that state defendants must be given notice of the charges "sufficient to make the opportunity useful" and an "opportunity to respond" and that Wilson received such notice at least before the jury was sworn if not weeks earlier) (citing Fawcett v. Bablitch, 962 F.2d 617, 618 (7th Cir. 1992)); see also Stephens v. Borg, 59 F.3d 932, 934-36 (9th Cir. 1995) (holding that indictment's failure to charge felony murder did not violate Sixth Amendment where defendant had five days actual notice of state's intent to rely on felony murder and state introduced substantial evidence at trial of burglary); Fawcett, 962 F.2d at 618 (concluding that defective state charging document does not violate due process unless "inadequate notice [leads] to a trial with an unacceptable risk of convicting the innocent"); Hulstine v. Morris, 819 F.2d 861, 863-64 (8th Cir. 1987) (recognizing that

- 19 -

due process may be satisfied if defendant receives actual notice of charges even if indictment is deficient).

Based on the foregoing, this court finds that Claims (2) and (3) lack merit.

### Claims (4) and (5)

In these claims, Petitioner contends that the state trial court erred by denying his motions to dismiss at the close of all evidence and after the State's case-in-chief. Petitioner argues that the motions should have been granted because there was insufficient evidence that he committed the breaking or entering with the intent to commit a felony and because his indictment was duplicitous and improperly amended. This court has already addressed these grounds on their merits in resolving Claims (1) through (3), and Claims (4) and (5) are similarly meritless. Additionally, these claims were raised in Petitioner's brief on direct appeal and in his MAR and were denied by both courts. Thus, the deferential standard of review applies. Those adjudications, for the reasons already discussed, are neither contrary to, nor an unreasonable application of, U.S. Supreme Court case law.

**Claims (6) and (7)**

In Claim (6), Petitioner asserts that the state trial court lacked jurisdiction over his habitual felon indictment because it was based upon the breaking or entering a motor vehicle felony indictment that was duplicitous and constructively amended and because there was insufficient evidence proving that he committed the breaking and entering with intent to commit a felony. Again, because these grounds have been previously found meritless in Claims (1) through (3), Claim (6) will be denied.

In Claim (7), Petitioner claims that his habitual felon indictment, conviction, and sentence are invalid under N.C. Gen. Stat. § 14-7.3. This claim is not cognizable on federal habeas review, as it turns on interpretation of a state statute. Nevertheless, the claim also lacks merit. Section 14-7.3 requires that the habitual felon indictment (1) be separate from the indictment charging the predicate felony, (2) set forth the date that the prior felony offenses were committed, (3) provide the name of the state against whom the felony offenses were committed, (4) identify the dates that guilty pleas or convictions were entered in such felony offenses, and (5) provide the identity of the court where the pleas or convictions took place. Petitioner's habitual felon indictment complies

- 21 -

with each of these requirements.  The amendment to the indictment in open court correcting the dates of commission and conviction that had been transposed was clearly not an unconstitutional variance; it merely corrected typographical errors.  See State v. Rotenberry, 54 N.C. App. 504, 284 S.E.2d 197 (1981); Bowen v. O'Konek, No. 5:99CV178-MU-02, 2005 WL 2614684, at *8-9 (W.D.N.C. Oct. 14, 2005) (unpublished) (trial court's decision to allow State to amend indictments to reflect that deed was recorded in book 641 rather than 640 merely corrected typographical errors and was not an unconstitutional variance).

**Petitioner's Motion to Expedite and Motion for Appointment of Counsel**

Also pending are Petitioner's Motion to Expedite (Doc. 13), which is denied as moot, and Motion for Appointment of Counsel (Doc. 11).  This court will deny Petitioner's request for appointment of counsel.  Petitioner has "no constitutional right to counsel in his federal habeas proceedings."  Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003).  Counsel may be appointed for a federal habeas petitioner if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  This court finds that the interests of justice would not be served by appointment of counsel in this case.  The claims set forth in the Petition are

- 22 -

fairly straightforward, and Petitioner has presented those arguments coherently. Furthermore, even if this court appointed counsel, Petitioner's claims would still be without merit.

**V.    CONCLUSION**

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Respondents' Motion for Summary Judgment (Doc. 6) is **GRANTED.** **IT IS FURTHER ORDERED** that the Petition (Doc. 2) is **DISMISSED** and that this action is dismissed. **IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel (Doc. 11) is **DENIED** and that Petitioner's Motion to Expedite (Doc. 13) is **DENIED** as **MOOT.** A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 28th day of August, 2013.

William L. Osteen, Jr.
_____
United States District Judge